Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JAMES THOMPSON ) | Case No.: 1:09-cv-0967 |
| ) | |
| Plaintiff, ) | **FIRST AMENDED COMPLAINT AND** |
| ) | **DEMAND FOR JURY TRIAL** |
| vs. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| NATIONAL ACTION FINANCIAL ) | |
| ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendant. | |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, JAMES THOMPSON ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's First Amended Complaint against Defendant, NATIONAL ACTION FINANCIAL SERVICES, INC., alleges and affirmatively states as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NATIONAL ACTION FINANCIAL SERVICES, INC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Because Defendant conducts business in the state of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Patterson, County of Stanislaus, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Williamsville, State of New York.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

///

///

**FACTUAL ALLEGATIONS**

14. Defendant has been placing constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant places multiple collection calls a day to Plaintiff.

16. Defendant places collection calls to Plaintiff's home phone: 209-892-3977.

17. Defendant calls Plaintiff and does not provide meaningful disclosure of the caller's identity (See Exhibit A).

**COUNT I**

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.**

18. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

19. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

  a). Defendant violated the FDCPA § 1692d when Defendant, through its agents and employees, engaged in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

  b). Defendant violated the FDCPA § 1692d(5) when Defendant, through its agents and employees, caused Plaintiff's telephone to ring repeatedly and continuously with an intent to abuse, harass and annoy Plaintiff.

  c). c. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

  d). Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by failing to provide meaningful disclosure.

20. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. (See Exhibit B).

# COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

21. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

22. Defendant **violated the RFDCPA**. Defendant's violations include, but are not limited to the following:

   a). Defendant violated §1788.11(b) of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   b). Defendant violated the RFDCPA § 1788.11(d) when Defendant, through its agents and employees, caused Plaintiff's telephone to ring repeatedly and continuously so as to annoy the Plaintiff.

   c). Defendant violated the RFDCPA § 1788.11(e) when Defendant, through its agents and employees, excessively placed so many calls to Plaintiff as to be unreasonable and to constitute harassment to Plaintiff.

   d). Defendant violated the RFDCPA § 1788.17 when Defendant, through its agents and employees, continuously failed to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

23. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. (See Exhibit B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

25. Actual damages.

26. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

27. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

28. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

29. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED:  July 6, 2009                    KROHN & MOSS, LTD.


By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES THOMPSON, hereby demands trial by jury in this action.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA)

Plaintiff, JAMES THOMPSON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JAMES THOMPSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: 6-1-09                            _____
                                         JAMES THOMPSON, PLAINTIFF

# EXHIBIT A

```
This message is from Marshall Maxwells.  You can reach my
office at 1800-443-2963.  This is not a call of
solicitation.  This is a time sensitive matter that does
need your attention.  We want to verify if we _____ need to
withdraw this matter and the correspondence that we have
sent you have not been taken advantage of.  Again, this is
not a solicitation.  It is a call from a debt collector.
This is Marshall Maxwells and the toll free number to reach
my office is 1800-443-2963.

This message is from Marshall Maxwells.  You can reach my
office at 1800-443-2963.  This is not a call of
solicitation.  This is a time sensitive matter that does
need your attention.  We want to verify if we _____ need to
withdraw this matter and the correspondence that we have
sent you have not been taken advantage of.  Again, this is
not a solicitation.  It is a call from a debt collector.
This is Marshall Maxwells and the toll free number to reach
my office is 1800-443-2963.

This message is from Marshall Maxwells.  You can reach my
office at 1800-443-2963.  This is not a call of
solicitation.  This is a time sensitive matter that does
need your attention.  We want to verify if we _____ need to
withdraw this matter and the correspondence that we have
sent you have not been taken advantage of.  Again, this is
not a solicitation.  It is a call from a debt collector.
This is Marshall Maxwells and the toll free number to reach
my office is 1800-443-2963.

This message is from Marshall Maxwells.  You can reach my
office at 1800-443-2963.  This is not a call of
solicitation.  This is a time sensitive matter that does
need your attention.  We want to verify if we _____ need to
withdraw this matter and the correspondence that we have
sent you have not been taken advantage of.  Again, this is
not a solicitation.  It is a call from a debt collector.
This is Marshall Maxwells and the toll free number to reach
my office is 1800-443-2963.
```

# **EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES  NO
2. Fear of answering the telephone — YES  NO
3. Nervousness — YES  NO
4. Fear of answering the door — YES  NO
5. Embarrassment when speaking with family or friends — YES  NO
6. Depressions (sad, anxious, or "empty" moods) — YES  NO
7. Chest pains — YES  NO
8. Feelings of hopelessness, pessimism — YES  NO
9. Feelings of guilt, worthlessness, helplessness — YES  NO
10. Appetite and/or weight loss or overeating and weight gain — YES  NO
11. Thoughts of death, suicide or suicide attempts — YES  NO
12. Restlessness or irritability — YES  NO
13. Headache, nausea, chronic pain or fatigue — YES  NO
14. Negative impact on my job — YES  NO
15. Negative impact on my relationships — YES  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: __6-1-09__           _James Thompson_
                             Signed Name

                            _JAMES Thompson_
                             Printed Name