# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES THOMPSON, | ) | 1:09-cv-00967 AWI GSA |
| | ) | |
| Plaintiffs, | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL ACTION FINANCIAL SERVICES, INC., | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This case was set for an Initial Scheduling Conference on January 25, 2010, at 9:30 a.m. in Department 10 of this Court. (*See* Doc. 17.) However, no appearances were made.

    Counsel for Plaintiff Nicholas J. Bontrager did not appear on behalf of his client. Additionally, the Court's docket establishes that Defendant National Action Financial Services, Inc., (NAFSI) was apparently served with the summons and complaint on August 26, 2009, yet did not file an answer or otherwise respond to Plaintiff's complaint. The Clerk entered default against NAFSI on September 24, 2009, yet no further activity appears on the Court's docket.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

1

sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Plaintiff is **ORDERED** to file a written response on or before **February 1, 2010**, to show cause, if any, why sanctions should not be imposed for a failure to follow a Court order. Failure to respond to this Order to Show Cause within the time specified may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **January 25, 2010**            /s/ **Gary S. Austin**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE